IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICHARD TOVAR CANTU, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-4015 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

State inmate Richard Tovar Cantu, proceeding *pro se*, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his 1991 state conviction for murder. After considering the pleadings, matters of record, and the applicable law, the Court **DISMISSES** the petition as barred by limitations.

### I.   PROCEDURAL HISTORY

Petitioner reports that in 1991 he pleaded guilty to murder in Brazoria County, Texas, and was sentenced to fifty years incarceration. He states that he did not file a direct appeal. He took no action to challenge his conviction until he filed an application for state habeas relief in August, 2006. The application was denied on October 25, 2006.

Petitioner filed the instant habeas petition on December 15, 2006, raising disproportionate sentencing and ineffective assistance of counsel challenges to his conviction and sentencing.

## II. DISCUSSION

### A. The One-Year Statute of Limitations

The pending petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2). Although the statute of limitations is an affirmative defense, district courts may raise the defense *sua sponte* and dismiss a petition prior to any answer if it "plainly appears from the face of the petition and any exhibits annexed to it that the

petitioner is not entitled to relief in the district court." *Kiser v. Johnson*, 163 F.3d 326, 328(5th Cir. 1999).

In this case, petitioner pleaded guilty and was sentenced on May 29, 1991. As this was prior to AEDPA's effective date of April 24, 1996, petitioner had until April 24, 1997 to file a federal habeas petition. *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998). The instant petition, filed on December 15, 2006, is untimely unless a statutory or equitable tolling exception applies.

Under 28 U.S.C. § 2244(d)(2), the time during which a properly filed application for state habeas relief or other collateral review is pending shall not be counted toward the limitations period. *Artuz v. Bennett*, 531 U.S. 4 (2000). Petitioner did not file his post-conviction state habeas application until August, 2006, after expiration of the statute of limitations. The state habeas application did not toll limitations, s*ee Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000), and no grounds for application of 28 U.S.C. §§ 2252(d)(1)(B), (C), or (D) are shown.

Equitable tolling applies principally where one party is actively misled by the other party or is prevented in some extraordinary way from asserting his rights. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). The petition does not reveal any exceptions to or grounds for application of any equitable tolling provisions for the AEDPA limitations bar. Accordingly, there is no statutory or other basis to save petitioner's untimely petition. This pending habeas petition is barred by the applicable one-year limitations period.

3

## III.   CONCLUSION

Petitioner's petition for habeas relief is **DENIED** and this case is **DISMISSED WITH PREJUDICE** as barred by limitations. Petitioner has not made a substantial showing of the denial of a constitutional right, and a certificate of appealability is **DENIED**. Any and all pending motions are **DENIED AS MOOT**.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on this the 21st day of December, 2006.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE